ORIGINAL

FILED IN CLERK'S OFFICE
U S D C Atlanta

NOV 2 9 2006

JAMES N HATTEN, Clerk
By: ᴊᴋᴘᴜɴᴄᴋᴍ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

------------------------------------------------------------ x

ADVENTURE OUTDOORS, INC.; JAY WALLACE, a Georgia Resident; and CECILIA WALLACE, a Georgia Resident;

Plaintiffs,

-against-

MICHAEL BLOOMBERG, a New York Resident and Mayor of the City of New York; TANYA MARIE NOONER, a Georgia Resident, of the Nooner Investigative Group, a/k/a Nooner Initiatives, Inc.; MELISSA MERCED, a Georgia Resident, of the Nooner Investigative Group, a/k/a Nooner Initiatives, Inc.; JOSEPH TOUNSEL, a Georgia Resident, of the Nooner Investigative Group, a/k/a Nooner Initiatives, Inc.; THE NOONER INVESTIGATIVE GROUP, a/k/a Nooner Initiatives, Inc.; THE JAMES MINTZ GROUP, and JAMES MINTZ individually, Certain of Its other Principals & Agents, As Yet Unidentified; MICHAEL CARDOZO, Corporation Counsel of the City of New York; JOHN FEINBLATT, Criminal Justice Coordinator of the City of New York; and RAYMOND KELLY, a New York Resident and Chief of the New York City Police Department,

Defendants.

1 06 CV 28 97
Civil Action File No. _____

-JOF

------------------------------------------------------------ x

## NOTICE OF REMOVAL

To: Edwin Marger
Bob Barr
**LAW OFFICES OF EDWIN MARGER LLC**
44 North Main Street
Jasper, Georgia 30143
(706) 692-3060

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §1441, defendants Michael Bloomberg, a New York Resident and Mayor of the City of New York; Tanya Marie Nooner, a Georgia Resident, of the Nooner Investigative Group, a/k/a Nooner Initiatives, Inc.; Melissa Merced, a Georgia Resident, of the Nooner Investigative Group, a/k/a Nooner Initiatives, Inc.; Joseph Tounsel, a Georgia Resident, of the Nooner Investigative Group, a/k/a Nooner Initiatives, Inc.; The Nooner Investigative Group, a/k/a Nooner Initiatives, Inc.; The James Mintz Group, and James Mintz individually, Certain of Its other Principals & Agents, As Yet Unidentified; Michael Cardozo, Corporation Counsel of the City of New York; John Feinblatt, Criminal Justice Coordinator of the City of New York; and Raymond Kelly, a New York Resident and Chief of the New York City Police Department, hereby submit this notice to remove this action from the Superior Court of Cobb County, Georgia to the United States District Court for the Northern District of Georgia. In support of this notice, Defendants respectfully state as follows:

## Introduction

1.   On or about May 15, 2006, the City of New York brought a public nuisance lawsuit against plaintiff herein, Adventure Outdoors, Inc., and fourteen other gun dealers whose weapons are recovered in inordinate numbers at New York City crime scenes. *See The City of New York v. A-1 Jewelry & Pawn, Inc.*, No. 1:06-cv-02233 (E.D.N.Y.) (Weinstein, J.) (the "Dealer Lawsuit"). Annexed hereto as Exhibit A is a true and correct copy of the complaint in the Dealer Lawsuit.

2.   Plaintiffs Adventure Outdoors, Inc., Jay Wallace, and Cecilia Wallace ("Plaintiffs"), along with other related parties, initially commenced an action substantially similar to the present action in the Superior Court of Cobb County, Georgia, on or about July 20, 2006, under File Number 06-1-5870-18 (the "First Action"), against the City of New York and others.[1] Annexed hereto as Exhibit B is a true and correct copy of the complaint in the First Action.

3.   On or about August 21, 2006, the defendants in the First Action timely removed the case to the Northern District of Georgia, asserting federal

---

[1] In the First Action, the plaintiffs also included Wallace and Wallace, Inc. and Eric Wallace. In addition to the City of New York, defendants in the First Action included Michael Bloomberg, Michael A. Cardozo, Raymond Kelly and John Feinblatt, each in both their official and individual capacities; plaintiffs in that action did not name the Nooner Investigative Group, Inc., Melissa Merced and Joseph Tounsel, but they did sue a John Doe investigator defendant.

question jurisdiction. Annexed hereto as Exhibit C is a true and correct copy of the Notice of Removal served and filed on August 21.

4. On or about September 14, 2006, plaintiffs in the First Action filed a Motion to Remand the action to State Court.

5. Also on or about September 14, 2006, plaintiffs in the First Action filed an Amended Complaint, in a futile attempt to remove the federal question jurisdiction inherent in the original complaint in the First Action. Annexed hereto as Exhibit D is a true and correct copy of the Amended Complaint in the First Action.

6. On or about October 2, 2006, defendants in the First Action served and filed (a) a Motion to Dismiss the Amended Complaint in the First Action, or in the alternative, to transfer the case to the Eastern District of New York for consolidation with the first-filed Dealer Lawsuit; and (b) papers in opposition to plaintiffs' Motion to Remand the First Action.

7. On or about October 13, 2006, without explanation or further briefing on either the Motion to Remand or the Motion to Dismiss, plaintiffs in the First Action, filed a Notice of Voluntary of Dismissal Pursuant to Fed. R. Civ. P. 41(a)(1).

8. On or about November 1, 2006, in light of intimations by Adventure Outdoors, Inc. that "this phase of the proceedings is over" the City of New York filed a motion in the Dealer Lawsuit to stay Adventure Outdoors from filing another duplicative proceeding (the "Motion to Stay").

9. On November 28, 2006, in the midst of oral argument on the Motion to Stay held before Senior District Judge Jack B. Weinstein of the Eastern District of New York, counsel to Adventure Outdoors, Inc. admitted that, notwithstanding the then pending Motion to Stay, plaintiffs herein had commenced this action on or about November 21, 2006 (the "Second Action"). Annexed hereto as Exhibit E is a true and correct copy of the summons and complaint in the Second Action.

10. Notwithstanding Plaintiffs' procedural maneuvers, this court continues to have original jurisdiction over this civil action pursuant to 28 U.S.C. §1331 because Plaintiffs' claims "aris[e] under the Constitution, laws or treaties of the United States."

11. This action accordingly may be removed to this Court pursuant to 28 U.S.C. §1441(b) because "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution,

treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

12. Removal jurisdiction is proper when a case arises under the Constitution and laws of the United States:

> To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto, and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.

*Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112-13 (1936) (Cardozo, J.) (quoted in *Ayres v. General Motors Corp.*, 234 F.3d 514, 517 (11th Cir. 2000)). The Eleventh Circuit in *Ayres* held that removal was proper in an action alleging violations of Georgia's civil Racketeer Influenced and Corrupt Organizations ("RICO") statute, O.C.G.A. §16-14-1, *et seq.*, premised upon predicate acts of mail and wire fraud based upon defendants' failure to make certain disclosures required by the National Traffic and Motor Vehicle Safety Act, 49 U.S.C. § 30118, *et seq.*

13. Federal question jurisdiction in this instance is obvious from the face of the complaint in the Second Action. First, Plaintiffs' defamation claim,

with respect to several alleged defamatory statements made by Defendants Bloomberg, Cardozo and Feinblatt, will necessarily require an analysis of the truthfulness of Defendants' statements that Adventure Outdoors violated federal gun control law. *See, e.g.*, Ex. E ¶ 27 (challenging Defendant Bloomberg's statements that the City defendants in the Dealer Lawsuit "refuse to obey federal laws," that they were caught "breaking the Federal laws regulating gun sales," and that they "routinely ignore federal regulations"). None of these statements can be deemed defamatory if the City is able to show at trial of the Dealer Lawsuit that Adventure Outdoors violated federal law when they allowed the simulated straw purchase to occur.

14. Second, in the complaint, Plaintiffs also allege as follows:

> Defendant Nooner, along with Defendant Tounsel (and perhaps Defendant Merced) entered the premises of the Georgia Plaintiffs' business, Adventure Outdoors in Smyrna, Cobb County, Georgia on or about April 8, 2006.

(Ex. E ¶ 14.)

> The purpose of this entry was to falsely and fraudulently purchase a firearm, to wit: a Glock 26. This fraudulent purchase was conducted by lying, both orally to employees of Plaintiff Adventure Outdoors, and **in written form** in order to induce agents of Plaintiffs' business to sell the aforesaid firearm. These lies, a part of the initial conspiracy herein, constituted Fraud [*sic*] under Georgia law.

(Ex. E ¶ 15 (emphasis added)). The "written form" referred to is the Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives, Federal Form 4473.

15. Plaintiffs mention no other basis for their allegation of "Fraud" other than the specific conduct in the store on April 8, 2006. Every allegation of "Fraud" that follows is directly tied to the alleged "Fraud" in the store, which include, at least in part, the allegedly false and fraudulent statements "in written form" on Federal Form 4473. *See, e.g.*, Ex. E ¶ 16 (alleging that Defendants Bloomberg, Mintz Group, James Mintz, Cardozo, Feinblatt and Kelly (the "New York Defendants") conspired with Defendants Nooner, Tounsel and Merced to commit "Fraud"); *id.* ¶ 17 (alleging that the purpose of the New York Defendants' actions was to carry out a scheme and artifice to defraud Plaintiffs); *id.* ¶ 18 (alleging that the New York Defendants used fraudulent devices exercised by their agents, Defendants Nooner, Tounsel and Merced).

16. Lest there be any doubt that Plaintiffs' allegations indeed invoke federal law, one need look no further than their complaint in the First Action, which explicitly described this identical conduct as violative of "the laws of the United States criminally, in that, at a minimum, there would be violations of 18 U.S.C. §1001 and 18 U.S.C. §922(a)(6)." (Ex. B, ¶ 21.) Such a violation of

Sections 1001 (making it a crime to provide false statements to the federal government) and 922(a)(6) (making it a crime to provide false statements in connection with the purchase of a firearm) obviously turns upon the construction of these federal laws.

17. Plaintiffs' allegations here also turn, *inter alia*, on the meaning of the term "actual buyer," as used on Federal Form 4473. This, too, is a question of federal law.

18. Third, in addition to the "Fraud," Plaintiffs also allege that certain statements made by Defendants Bloomberg, Cardozo, Feinblatt and Kelly constitute libel and slander. Plaintiffs then make the following crucial allegation:

> The predicate acts to the aforesaid statements herein were contained within the conduct of the Georgia Defendants and the specific New York Defendant actors **could not have proceeded without the acts of the Georgia defendants.**

(Ex. E ¶ 27 (emphasis added).) The only "acts of the Georgia defendants" mentioned in the complaint in the Second Action are the alleged acts of "Fraud," including those "in written form" in the Adventure Outdoors store on April 8, 2006.

19. The foregoing allegations are sufficient, both individually and collectively, to trigger federal question jurisdiction warranting removal. Indeed, a

federal cause of action is not required as a condition for the exercise of federal-question jurisdiction over cases removed from state court. *Grable & Sons Metal Products, Inc. v. Darue Engr'ing & M'fring*, 545 U.S. 308 (2005). Under long-standing precedent, a federal court has federal-question jurisdiction over state-law claims that implicate significant federal issues. The federal issue in a state-law claim must be both (1) actually contested, (2) a substantial one, and (3) federal jurisdiction must be consistent with congressional judgments concerning the proper division of labor between state and federal courts. *Id.*

20. Each of these criteria is met here. By their own concession, Plaintiffs' libel and slander claim turns on whether Plaintiffs indeed violated federal law, as Mayor Bloomberg stated. The libel and slander claim is also dependent on proof that misrepresentations were made to the federal government in the course of the particular firearms sale at issue here. If Adventure Outdoors indeed violated federal law when it permitted the April 8, 2006 sale to proceed, its libel and slander claim fails. In addition, Plaintiffs' claims of gross negligence and negligence are also premised upon the alleged "Fraud" occurring in the Adventure Outdoors store on April 8. (*See* Ex. E ¶ 31.E (alleging that "[t]he actions of the Georgia Defendants provided for the New York Defendants **a core basis** upon which the New York Defendants acted and thus contributed directly to the Gross

Negligence") (emphasis added); *id.* Ex. E ¶ 32 (same conduct of Georgia Defendants constitutes negligence).

21. The questions of whether or not Plaintiffs violated federal law, and whether or not there was a "Fraud" – *i.e.*, false statements on a federal form – are substantial ones, implicating federal statutes, federal forms and federal caselaw that addresses the conduct related to firearms purchases known as "straw purchases." The importance of having a federal forum hear cases involving federal forms and federal criminal statutes is self-evident. State courts were never intended to hear such claims and the intended division of labor between state and federal courts is preserved. In this case an additional compelling basis for a federal forum exists, in that a state court determination, while perhaps not rising to the level of collateral estoppel in a subsequent federal criminal prosecution, could affect what should be a determination made by a federal court.

22. As in *Grable & Sons*, the national interest in providing a federal forum for hearing cases concerning the federal firearms statutes is sufficiently substantial to support an exercise of federal-question jurisdiction over the disputed issue of whether the present sales involved misrepresentations to the federal government.

11

23. Thus, the entire Second Action may be removed, because "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 ... is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein ...." 28 USCS § 1441 (c).

24. In accordance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendants will provide written notice of the removal to all parties of record and will file a true and correct copy of this Notice of Removal with the Clerk's Office for the Superior Court of Cobb County, Georgia.

**WHEREFORE**, Defendants respectfully request that this action proceed in this Court as an action properly removed thereto.

DATED, this 29th day of November 2006

Respectfully submitted,

FOR: DOW LOHNES PLLC

_____
Peter C. Canfield
  Georgia Bar No. 107748
Marcia Bull Stadeker
  Georgia Bar No. 673893
Matthew D. Crawford
  Georgia Bar No. 190109

Six Concourse Parkway
Suite 1800
Atlanta, Georgia 30328-6117
(770) 901-8800

Of Counsel:

**MICHAEL A. CARDOZO**
Corporation Counsel of the City of New York
New York City Law Department
100 Church Street
New York, New York 10007
(212) 788-1324

**PILLSBURY WINTHROP SHAW PITTMAN LLP**
1540 Broadway
New York, NY 10036
(212) 858-1000